959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 REBEL ENTERPRISES, INC., Plaintiff-Appellant,
v.
PRUDENTIAL-BACHE SECURITIES, INC.; Kevin Weed; State
Street Bank and Trust Company, Defendants-Appellees.
 No. 91-4052.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order granting Defendants' motion for summary judgment on Plaintiff's claim that Defendants violated § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.[1] The issue presented on appeal is whether the district court erred in determining, as a matter of law, that Plaintiff failed to establish that Defendants acted with the requisite scienter to violate § 10(b) and Rule 10b-5. Upon consideration of the record and the parties' appellate arguments, we affirm.
 
 
 3
 This court will review the district court's summary judgment determination de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 4
 In order to recover damages under § 10(b) and Rule 10b-5, Plaintiff must establish, by a preponderance of the evidence, Herman & MacLean v. Huddleston, 459 U.S. 375, 387-90 (1983), that Defendants, in connection with the purchase or sale of securities and acting with scienter, made false representations concerning a material fact upon which Plaintiff justifiably relied to its detriment. Grubb v. Federal Deposit Ins. Corp., 868 F.2d 1151, 1162 (10th Cir.1989). The scienter requirement can be satisfied either by establishing that Defendants acted with the intent to deceive, manipulate, or defraud, Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 (1976), or that Defendants acted recklessly, Hackbart v. Holmes, 675 F.2d 1114, 1117-18 (10th Cir.1982). Recklessness is established by conduct which is an extreme departure from the standards of ordinary care and which presents a danger of misleading buyers or sellers that is known to Defendants or is so obvious that Defendants must have been aware of it. Id. at 1118. Mere negligent conduct, however, is not sufficient to impose liability under § 10(b) and Rule 10b-5. Farlow v. Peat, Marwick, Mitchell & Co., No. 89-6310, slip op. at 7-8 (10th Cir. Feb. 13, 1992).
 
 
 5
 Plaintiff first argues that summary judgment was inappropriate because genuine issues of material fact remained unresolved. Although there may have been disputed issues of fact remaining concerning other elements necessary to establish a violation of § 10(b) and Rule 10b-5, the district court determined that there was no genuine issue of fact concerning the element of scienter.
 
 
 6
 [T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.
 
 
 7
 Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Plaintiff argues, however, that it does not bear the burden of proving scienter. In support of this assertion, Plaintiff relies on this court's decision in Hackbart v. Holmes, 675 F.2d 1114 (10th Cir.1982). In Hackbart, this court determined that scienter sufficient to support liability under § 10(b) and Rule 10b-5 is established, not only by proof of a defendant's intent to manipulate, deceive or defraud, but also by proof of a defendant's reckless conduct. Id. at 1117-18. One of several reasons for this determination was "because requiring the plaintiff to show intent would be unduly burdensome." Id. at 1118.
 
 
 9
 Plaintiff interprets this statement in Hackbart as relieving Plaintiff completely of the burden of establishing scienter as an element of its claim of a federal securities violation. This court's decision in Hackbart, however, only provided that the scienter requirement could be met under a more lenient standard of proof. Plaintiff still retains the burden of proving scienter. See, e.g., Grubb, 868 F.2d at 1162; Zobrist v. Coal-X, Inc., 708 F.2d 1511, 1516 (10th Cir.1983).
 
 
 10
 Plaintiff next argues that summary judgment was, nevertheless, inappropriate because Defendants failed to support the assertion in their motion for summary judgment that they had not acted with scienter. Defendants, however, were not required to support their summary judgment motion with evidence negating Plaintiff's claims. Celotex, 477 U.S. at 323-24. Nonetheless, Defendants, in support of their summary judgment motion, did submit, in addition to Mr. Weed's affidavit, the deposition testimony of Plaintiff's president, Mr. Harrison, which contradicted Plaintiff's allegations that Defendants acted with scienter.
 
 
 11
 In opposition to Defendants' summary judgment motion, Plaintiff responded by arguing that the issue of scienter was a factual issue which could not be resolved on a motion for summary judgment. It was, however, Plaintiff's burden, in responding to the summary judgment motion, to go beyond the allegations in its pleadings and designate specific facts which would establish a genuine issue for trial concerning the existence of scienter. See id. at 324. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). This is the case even when the issue involves a party's state of mind. Id. at 256. Because Plaintiff failed to meet its burden in responding to Defendants' summary judgment motion, the district court did not err in granting that motion.
 
 
 12
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also dismissed without prejudice Plaintiff's state law claims for lack of pendent jurisdiction